Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM | ) | CRIMINAL CASE NO. CF0199-10 |
| | ) | |
| vs. | ) | |
| | ) | **DECISION AND ORDER ON** |
| JIMMY WABOL LIMES | ) | **DEFENDANT'S TWO MOTIONS TO** |
| | ) | **DISMISS INDICTMENT WITH** |
| Defendant. | ) | **PREJUDICE** |
| | ) | |

## INTRODUCTION

This matter originally came before the Honorable Alberto C. Lamorena, III, on Defendant Limes' original Motion to Dismiss With Prejudice. Following the hearing on the original motion, Defendant Limes filed an additional Motion to Dismiss With Prejudice. The hearing on this latest motion was held on October 5, 2011. Attorney Ryan F. Kaiser represented Defendant, Jimmy Limes. Attorney Brian D. Gallagher appeared on behalf of the People of Guam. This Court has since taken both motions to dismiss under advisement. Having given due consideration to the parties' arguments relating to the above motions, the Court now issues its Decision and Order.

## FACTUAL BACKGROUND

On March 25, 2010, a grand jury returned an indictment charging Defendant with two counts of First Degree Criminal Sexual Conduct (As a 1st Degree Felony), one count of Attempted Second Degree Sexual Conduct (As a 1st Degree Felony), three counts of Child Abuse (As a Misdemeanor), and one count of Indecent Exposure (As a Petty Misdemeanor). These charges stem from allegations that on three separate occasions Defendant engaged in acts of criminal sexual conduct with K.O.G., a minor family member.

Following the return of the indictment Defendant raised concerns that the prosecution had not offered to the grand jury certain evidence contained within an internal investigation report prepared by the Guam Police Department ("GPD"). That report contains a brief summary of a statement by a school official indicating that K.O.G.'s story had not been entirely consistent. Defendant filed a motion to dismiss the indictment with prejudice for the prosecution's failure to present exculpatory evidence to the grand jury. After a delay in receiving a copy of the internal police report from GPD for the court's inspection, this Court took the matter under advisement. Thereafter, Defendant filed a second motion to dismiss and attached two supporting affidavits signed by K.O.G. and K.O.G.'s mother. Those affidavits effectively recant all allegations made by K.O.G. that implicate Defendant. Defendant argues in his motion that K.O.G.'s withdrawal of all allegations effectively renders the prosecution unable to prove the charges and Defendant therefore requests dismissal of the charges with prejudice.

## DISCUSSION

### I. The Prosecution's Failure to Present Exculpatory Evidence

Under Guam law, the prosecution is required to present exculpatory evidence to the grand jury. Title 8 section, 50.46 of the Guam Code Provides:

**Prosecuting Attonrey Only Officer to Present Evidence; Duty to Disclose Exculpating Evidence in His Possession.**

The grand jury shall receive only evidence presented to it by the prosecuting attorney but the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt and the grand jury shall weigh all the evidence submitted.

8 G.C.A. § 50.46. As the Ninth Circuit has noted, section 50.46 offers no guidance as to the proper course of action when the prosecution runs afoul of the statute and thus this court may look to federal law to determine whether dismissal of the indictment is required. See People of Territory of Guam v. Muna, 999 F.2d 397, 399 (9th Cir. 1993).

-2-

Dismissal of an indictment is considered a drastic measure that is disfavored by the courts and dismissal should therefore be granted only under narrow circumstances. See Muna, 999 F.2d at 399; U.S. v. Rodgers, 751 F.2d 1074, 1076-77 (9th Cir. 1985). Where the trial court considers a defect in the grand jury proceedings prior to trial the appropriate inquiry for determining whether the indictment should be dismissed centers on "whether the defendant has been prejudiced by the error." Muna, 999F.2d 397 at 399 (citing Bank of Nova Scotia v. United States, 487 U.S. 250, 255, 108 S.Ct. 2369, 2373, 101 L.Ed.2d 228 (1988)); accord United States v. Fernandez, 288 F.3d 1199, 1239 (9th Cir. 2004) (recognizing that a court may dismiss an indictment only if the prosecutorial misconduct is flagrant and causes substantial prejudice to the defendant). Prejudice exists if "'the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt that the decision to indict was free from substantial influence of such violations.'" Bank of Nova Scotia v. United States, 487 U.S. 250, 257, 108 S.Ct. 2369, 2374 (1988) (quoting United States v. Mechanik, 475 U.S. 66, 78, 106 S.Ct. 938, 945, 89 L.Ed.2d 50 (1986) (O'Connor, J. concurring).

In the present case, Defendant argues that a notes contained within a GPD Internal Affairs Investigation Findings relating to a statement by Diaz, K.O.G.'s principal, constitutes exculpatory evidence that should have been presented to the grand jury. The notes indicate that K.O.G. had discussed the allegations with Diaz and that Diaz noted some inconsistency with K.O.G.'s allegations: "Diaz stated that [K.O.G.'s] story seemed to change from time to time, because when [K.O.G.] was interviewed by the CPS worker, Muyco, [K.O.G.] did not disclose everything to Muyco, that [K.O.G.] has told her (Diaz)." (Internal Affairs Investigation Findings, IAS Case No. 10-024, pg 12).

This Court agrees with Defendant that this statement constitutes evidence would tend to negate guilt and should have been disclosed to the grand jury under section 50.46. In a case involving alleged acts of criminal sexual conduct, the statements and credibility of the victim are critical to the prosecution's case. Where portions of a police report contain statements that undermine the credibility of the victim and the allegations of criminal acts, such evidence may have a critical effect on the grand jury's decision to indict and such evidence should therefore be presented to the grand jury. Cf. Smith v. Cain, 543 U.S. __ (2012) (detective's notes containing statements inconsistent with a witness's identification testimony constituted material exculpatory evidence that should have been submitted to defense). This Court therefore finds that Defendant was prejudiced by the failure to present evidence tending to negate guilt and therefore dismissal without prejudice is appropriate.

## II. Sufficiency of the Evidence

Given that dismissal is warranted based on the prosecution's failure to present exculpatory evidence, this Court need not decide the motion to dismiss for insufficient evidence.

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS Defendant's Motion to Dismiss for Failure to Present Exculpatory Evidence and DISMISSES the indictment without prejudice.

It is **SO ORDERED**, this 2nd day of April, 2012.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

APR 2 2012

Dominga M. Nego
Deputy Clerk Superior Court of Guam

-4-